IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01132-PAB-KLM

MARION BRECHEISEN,

    Plaintiff,

v.

BLUE COLLAR PRODUCTION, LLC,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on Plaintiff's Motion in Limine to Exclude Evidence of Defendant's Alleged Future Lost Profits From New Business Venture [Docket No. 84], wherein plaintiff seeks to exclude evidence regarding defendant's alleged lost profits. Plaintiff bases his motion on two arguments. First, that defendant Peter Partain has not been endorsed as an expert witness and cannot testify about future damages as a lay witness under Rule 701. Second, that Mr. Partain's testimony about future damages should be precluded as speculative.

    Defendant responds by first noting that plaintiff's motion is untimely. Docket No. 89 at 1. The Court agrees that plaintiff's filing of his motion in limine after the deadline for such motions has forced defendant, on the eve of trial, to respond to an issue that plaintiff could have, and should have, anticipated months ago. However, plaintiff could have chosen not to file the motion at all, in which case the same objections could have been made at trial. Ruling on the motion may offer some guidance to the parties.

Defendant's second argument is that Mr. Partain will not be offering expert testimony. *Id.* at 5. Until the Court hears the testimony of Mr. Partain, it cannot determine whether it will cross into Rule 702 territory. But Mr. Partain's reliance on "personal experience" with new pump technology, *id*. at 7-8, and the chain of reasoning explained in paragraph 13 of the response, *id*. at 8, seem to raise significant Rule 702 issues. As noted by the Tenth Circuit, "[K]nowledge derived from previous professional experience falls squarely within the scope of Rule 702 and thus by definition outside of Rule 701." *James River Insur. Co. v. Rapid Funding, LLC,* 658 F.3d 1207, 1215 (10th Cir. 2011) (quoting *United States v. Smith*, 640 F.3d 358, 365 (D.C. Cir. 2011)). The court in *James River* also stated that "[t]echnical judgment is required in choosing among different type of depreciation." *Id*. at 1214. Similarly, the various decisions that Mr. Partain made in determining how to approach the issue of calculating lost profits may have involved experience beyond the scope of lay opinion testimony. The Court will not be able to determine this until trial, however.

As to his second basis for the motion, plaintiff is correct that, under Colorado law, a reliable foundation for lost profits usually requires a party to establish past business performance resulting in profits. Docket No. 84 at 8. Defendant, however, claims that plaintiff himself provided Mr. Partain with an expectation of lost profits that would provide an admissible basis for defendant's claim and that the licensing agreement provides a non-speculative basis for the recovery of lost profits. The Court is unable to rule on this issue until it hears the evidence.

Wherefore, it is

**ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of Defendant's Alleged Future Lost Profits From New Business Venture [Docket No. 84] is denied.

DATED February 3, 2017.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge